**Richmond**

GREGORY McCAIN JEFFERSON

v.

COMMONWEALTH OF VIRGINIA

No. 1251-90-2

Decided March 10, 1992

COUNSEL

David L. Hauck (Duane & Shannon, P.C., on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

DUFF, J.—Gregory Jefferson appeals his felony conviction for possession of a firearm while in possession of a controlled substance, in violation of Code § 18.2-308.4. The sole issue raised on appeal is whether the evidence is sufficient to support Jefferson's conviction under the statute. Jefferson asserts that the legislative intent behind Code § 18.2-308.4 was to prohibit actual simultaneous possession of drugs and weapons, in order to deter drug warfare. He, therefore, argues that constructive possession of both items is insufficient to support his conviction. We find that the statute contains no such restriction. Accordingly, we find sufficient evidence to support Jefferson's conviction and affirm the decision of the trial court.

The record shows that a search warrant was executed at the home of Sally Greenwood on April 28, 1989. As the Chesterfield County police officers proceeded down a hallway to a back bedroom, they met Jefferson who was coming out of the master bedroom. The officers searched Jefferson and discovered $1,128 in his front pockets.

A search of the master bedroom revealed a number of items. In a drawer of the dresser, the police found a box of .32 caliber ammunition, a knife, and two boxes of clear plastic sandwich bags. On the floor of the master bedroom closet, the police found an ice bucket that held two baggies containing cocaine and seven corners of baggies containing cocaine, as well as rice. Officer Bromseth testified that rice is commonly used to keep cocaine from being destroyed by moisture. Next to the ice bucket, the police found a "Cobra-11" .9 mm. automatic weapon inside a clear plastic bag. According to all testimony, the "Cobra-11" weapon belonged to Jefferson's nephew.

On a shelf above the ice bucket, the police found a chrome-plated .32 caliber revolver in a shoulder holster. Jefferson ac-

knowledged ownership of the .32 caliber revolver, but claimed that he had lent it to Ms. Greenwood for her protection. Ms. Greenwood, while testifying that the gun did, indeed, belong to Jefferson, claimed that she had never spoken to Jefferson about the gun or the reasons he owned it.

Under the bed, the police discovered a set of scales on a piece of glass and a metal lockbox containing $2,030. The money was intermingled with personal papers and paycheck stubs carrying Jefferson's name. Jefferson admitted ownership of the money, although he denied knowledge of when or how it was put into the lockbox.

During a consensual search of Jefferson's car, which was parked in Greenwood's driveway, the police found a .38 caliber Colt revolver and a .38 caliber "Titan Tiger" revolver. Jefferson acknowledged ownership of both of these weapons.

The trial court convicted Jefferson of two separate offenses: (1) possession of cocaine with intent to distribute; and (2) possession of a firearm while in possession of a controlled substance. Jefferson's appeal contests only the second conviction.

Code § 18.2-308.4 (A) provides that "[a]ny person unlawfully in possession of . . . [cocaine] . . . who simultaneously with knowledge and intent possesses any firearm shall be guilty of a Class 6 felony."[1] Jefferson contends that the evidence is insufficient to support a finding that he possessed any of the discovered firearms with intent and knowledge while simultaneously possessing the cocaine found on the closet floor. We disagree.

██ Jefferson refers to Code § 18.2-308 (the "Concealed Weapons Statute"), which requires proof that the weapon be "so connected with the person as to be readily accessible for use or surprise if desired." *Schaaf v. Commonwealth*, 220 Va. 429, 430-31, 258 S.E.2d 574, 575 (1979) (quoting *Sutherland v. Common-*

---

[1] ·Code § 18.2-308.4(A) provides as follows: POSSESSION OF FIREARMS WHILE IN POSSESSION OF CERTAIN CONTROLLED SUBSTANCES. — A. Any person unlawfully in possession of (i) a controlled substance classified in Schedule I of the Drug Control Act, Chapter 34 of Title 54.1, or (ii) coca leaves and any salt, compound, derivative or preparation thereof as described in Schedule II of the Drug Control Act, Chapter 34 (§ 54.1-3448) who simultaneously with knowledge and intent possess any firearm shall be guilty of a Class 6 felony.

*wealth*, 109 Va. 834, 835, 65 S.E. 15, 15 (1909)). He argues that since the Commonwealth proved only constructive possession of a handgun, the weapon was not "readily accessible for use or surprise." *Id*. However, Jefferson's reliance upon legislative intent is misplaced. Code § 18.2-308.4 is not an extension of the Concealed Weapons Statute. The clear wording of Code § 18.2-308.4 prohibits unlawful possession of cocaine "simultaneously with" knowingly and intentionally possessing any firearm. No language in Code § 18.2-308.4 requires proof of concealment of weapons. Article 7 of Title 18.2 includes a variety of independent and unrelated illegal firearms offenses. *See* Code §§ 18.2-308 through 18.2-308.6. If the legislature had intended to require concealment of the weapon as an element of the offense at issue here, such language would have appeared in the statute.

▌ Similarly, actual possession of both the firearm and the controlled substance is not required by the wording of Code § 18.2-308.4. Constructive possession of either or both is sufficient for conviction. "To support a conviction based upon constructive possession, the Commonwealth 'must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.' " *Brown v. Commonwealth*, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774 (1988)(quoting *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)(citing *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981))).

Here, ample evidence supports the findings that Jefferson constructively possessed a weapon or weapons with knowledge and intent while constructively possessing cocaine. The trial record established that Jefferson stayed at Greenwood's house several nights a week. He was discovered leaving the master bedroom where drugs and money were found mixed with his personal papers and property. Cocaine was found in close proximity to two weapons, and both the drugs and the guns were easily accessible to Jefferson.

Greenwood testified that the drugs belonged to Jefferson. Jefferson admitted ownership of the cash, and also admitted ownership of the .32 caliber handgun found on the closet shelf directly above the cocaine. Greenwood specifically denied that Jefferson

gave her the gun or told her it was to be used for her protection.

The trier of fact was entitled to believe Greenwood's testimony over Jefferson's conflicting testimony. The evidence supports the conclusion that Jefferson knew of the presence and character of one or both of the guns and of the cocaine found in the closet and that he consciously possessed them. The Commonwealth need not prove that Jefferson had ready access to either the gun or the cocaine to establish "simultaneous possession."

Jefferson argues that interpreting the statute to include constructive simultaneous possession of specified controlled substances and firearms extends its impact beyond the bounds intended by the legislature. Jefferson contends that this interpretation would allow conviction for the possession of a small amount of cocaine in the home while keeping a handgun or hunting rifle in a safe or attic. We need not decide that issue in this case because Jefferson was discovered leaving the room in which firearms and cocaine were found. We hold that the evidence in the record supports a finding that Jefferson simultaneously had constructively possessed cocaine and at least one firearm.

Because we find the evidence sufficient to support the conviction, we affirm.

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.