COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia

BERNARD E. SAMUELS, S/K/A
 BERNARD EVERETT SAMUELS

v.      Record No. 1364-94-2        MEMORANDUM OPINION[*] BY
                                    JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                AUGUST 1, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

         Cary B. Bowen (Bowen and Bowen, on brief), for
      appellant.

         Marla Lynn Graff, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     In a bench trial, appellant was convicted of simultaneously

possessing cocaine and a firearm in violation of Code

§ 18.2-308.4.  On appeal, he argues that the evidence was

insufficient to support his conviction.  We disagree and affirm.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On January 15, 1994, the police executed a search warrant at

appellant's residence.  Appellant was in the living room at the

time.  In appellant's pocket, the police found a folded one

dollar bill and a tied plastic bag corner, both of which

contained cocaine.  A smoking device and a bag containing cocaine

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

were on the floor near appellant. Also near appellant on the floor was a nine millimeter firearm.

After the police arrested appellant and informed him he was being charged with possessing cocaine and the firearm, appellant said, "I have a gun; but that's not -- that one there is not mine. . . . [T]he shotgun -- the long shotgun in the closet is mine." The police recovered a shotgun from the closet in one of the bedrooms down the hallway from the living room.

At trial, the Commonwealth proceeded under the theory that appellant possessed the shotgun, not the nine millimeter firearm found near him. Appellant concedes that he owned the shotgun and that he possessed cocaine.[1] He argues, however, that the Commonwealth did not show that he knowingly and simultaneously possessed the shotgun and the cocaine as contemplated by Code § 18.2-308.4.

Pursuant to Code § 18.2-308.4, any person who unlawfully possesses cocaine and "simultaneously with knowledge and intent possesses any firearm" is guilty of a felony. We found in Jefferson v. Commonwealth, 14 Va. App. 77, 80, 414 S.E.2d 860, 862 (1992), that "actual possession of both the firearm and the controlled substance is not required by the wording of Code § 18.2-308.4. Constructive possession of either or both is sufficient for conviction." Moreover, to sustain a conviction

---

[1]Appellant, in fact, entered a guilty plea upon a charge of cocaine possession arising from the same facts. His subsequent conviction of the offense has not been challenged on appeal.

under Code § 18.2-308.4, "[t]he Commonwealth need not prove that [the defendant] had ready access to either the gun or the cocaine to establish 'simultaneous possession.'"  Jefferson, 14 Va. App. at 81, 414 S.E.2d at 862.

As appellant concedes, the evidence proved that he possessed cocaine when the police searched his home.  Thus, to sustain appellant's conviction, the Commonwealth need only have proven that appellant simultaneously had constructive possession of the shotgun in the closet.

"Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'"  Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  In determining whether constructive possession of an item has been established, the ownership of the premises where the item was found is a factor "that may be considered together with other evidence tending to prove that the owner . . . exercised dominion and control over" the item. Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Appellant was present when the police conducted the search of his home.  Appellant denied ownership of the firearm found near him, but told the police he owned the shotgun in the closet.

This statement revealed not only that appellant knew generally of the presence of firearms in his house, but also that he knew where his own firearm was located at that particular moment.  The police found the shotgun in a bedroom closet, just down the hallway from appellant and as he described.  From this evidence, the trial judge could have concluded beyond a reasonable doubt that appellant was aware of the presence and character of the firearm, that it was subject to his dominion and control, and that he constructively possessed it at a time when he also possessed cocaine.  See Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 924-25 (1991) (evidence sufficient to support finding of constructive possession of marijuana where defendant told police officers searching his house that marijuana was in the basement, and officers found marijuana there).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.