COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


CRAIG JEROME MORRIS

v.          Record No. 1507-95-3          MEMORANDUM OPINION[*]
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                       MAY 14, 1996


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Sharon K. Eimer, Senior Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.

Craig Jerome Morris (appellant) appeals his bench trial convictions by the Circuit Court of the City of Lynchburg (trial court) for possession of cocaine with intent to distribute in violation of Code § 18.2-48 and possession of a firearm while unlawfully possessing cocaine in violation of Code § 18.2-308.4. Appellant argues on appeal: (1) that the evidence is insufficient to show that he possessed cocaine; (2) that the evidence is insufficient to sustain his conviction for possession of cocaine with intent to distribute; and (3) that the evidence is insufficient to sustain his conviction for knowingly possessing a firearm while in unlawful possession of cocaine.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

In passing upon the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982). Guided by that principle, we find the record discloses that on November 22, 1994, at 10:27 p.m., the Lynchburg Police Department executed a search warrant at a residence in Lynchburg. Fifty-four seconds after the police knocked on the back door of the residence, Helen Abbott (Abbott) opened the door. Investigator P. K. Morris (Morris) entered the residence and found appellant in an upstairs bedroom which he later admitted was his own.

Among the items related to the drug trade found in appellant's bedroom were a pouch containing a baggie in which there was .50 grams of cocaine; behind a television set another baggie containing .18 grams of cocaine; under appellant's bed in a suitcase a .45 caliber revolver and a radio receiver; also under the bed in a green pouch, a .32 caliber pistol with a clip containing several rounds of ammunition; two police scanners, one on a shelf above appellant's bed, the other a larger "shelf" scanner located on appellant's dresser; a pager next to appellant's bed; $307 cash in an "ammo box" in appellant's bedroom closet; $75 cash in the bottom drawer of appellant's dresser; "25 to 50" small, one-inch Ziploc baggies in that bottom drawer; another 25 to 50 baggies in the upper left-hand dresser

drawer; and two baggies of marijuana, one on the shelf above appellant's bed, the other between appellant's bed mattress and box springs.

Appellant presented at trial evidence that was contrary to statements he gave to the police at the time he was arrested. For example, he told the police that the pager was his but at trial he presented evidence through a witness who asserted that the pager was that of the witness. Appellant initially told the police that he was keeping the guns for his brother to prevent his brother from killing his wife, yet at trial he denied any knowledge of the presence of the guns in his room prior to the police arriving at the residence. Initially, appellant told the police that the $307 was his and was being kept as his rent money; however, at trial, he denied the money was his and presented a witness who claimed the money was hers.

Possession of a controlled substance may be actual or constructive. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

Although mere proximity to the controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs.  Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).  The ownership or occupancy of the premises where the items were found is another factor that may be considered "to prove that the owner or occupant exercised dominion and control over [the items]."  Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

> In all cases of circumstantial evidence the conduct of the accused is always an important factor in the estimate of the weight of the circumstances which point to his guilt.  Where a conviction rests upon circumstantial evidence, much weight is given to contradictory statements of material facts by the accused.  Each should be considered along with other facts and circumstances shown in evidence to determine whether, upon the whole case, the evidence excludes every reasonable hypothesis consistent with the accused's innocence.

Toler v. Commonwealth, 188 Va. 774, 781, 51 S.E.2d 210, 213 (1949).

The trial court found the testimony of appellant and his witness not credible, rejecting appellant's claim that the cocaine had been placed in his room by another.  As the Court in Toler said:

> The facts, accepted by the [trier of fact], admitted of inferences of guilt more probable and natural than of any reasonable hypothesis of innocence, and warranted the [trier of fact] in rejecting his explanations as untrue.  In other words, the facts established are consistent with his guilt and

- 4 -

inconsistent with his innocence.

188 Va. at 146, 235 S.E.2d at 214. Appellant's proximity to the drugs, their location in his bedroom, and his inconsistent statements support the finding of the trial court that appellant possessed the cocaine found in his room.

### Possession of Cocaine With Intent to Distribute

In order to support appellant's conviction for possession of cocaine with intent to distribute, the Commonwealth must prove beyond a reasonable doubt that he intended to distribute the cocaine that he possessed. See Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

The evidence reveals that appellant was in possession of .68 grams of cocaine, a pager, two police scanners, two handguns, 50 to 100 one-inch square, plastic baggies, $382 cash ($75 in the dresser next to his bed and $307 in an ammunition box in his closet), and two baggies of marijuana; that no paraphernalia necessary for the personal use of cocaine was found; that appellant stated he did not personally consume cocaine, only marijuana; and that appellant made inconsistent statements concerning his knowledge of the existence of the black pouch and the ownership of the cocaine it held, the ownership of the pager, and the ownership of the money found in his room.

The absence of paraphernalia necessary for personal consumption, coupled with appellant's admission that he did not personally use cocaine is strong evidence of an intent to

distribute. The presence of a pager, police scanners, weapons, and small plastic baggies where the cocaine was found also support the trial court's judgment. See Servis v. Commonwealth, 6 Va. App. 507, 371 S.E.2d 156 (1988) (the presence of paraphernalia used in the drug trade is relevant to proof of intent to distribute). In addition, the trial court was entitled to place much weight on appellant's inconsistent statements concerning material facts of the case. Toler, supra, 188 Va. at 781, 51 S.E.2d at 213.

We hold that the evidence is sufficient to support its submission to the trier of fact that concluded appellant was guilty as charged. Viewing the evidence in its totality, we cannot say that the conclusion of the trial court was plainly wrong or without evidence to support it.

Possession of a Firearm While in Possession of Cocaine

Code § 18.2-308.4 provides that any person who unlawfully possesses cocaine and "simultaneously with knowledge and intent possesses any firearm" is guilty of a felony. To uphold a conviction under Code § 18.2-308.4, "actual possession of both the firearm and the controlled substance is not required . . . . Constructive possession of either or both is sufficient for conviction." Jefferson v. Commonwealth, 14 Va. App. 77, 80, 414 S.E.2d 860, 862 (1992). It is not necessary that "[t]he Commonwealth . . . prove that [appellant] had ready access to either the gun or the cocaine to establish 'simultaneous

possession.'" Id. at 81, 414 S.E.2d at 862.

Having determined that appellant possessed the cocaine, the issue becomes whether appellant possessed either or both of the firearms found in his room. To support a conviction based upon constructive possession, the Commonwealth "must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [object] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Appellant told Morris that the handguns found under his bed were not his, but that his brother had entrusted them to him. This evidence alone is sufficient to prove that appellant was aware of the presence and character of the firearms, and that they were subject to his dominion and control; thus, establishing constructive possession.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.