COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


JEANETTE LEE KENOWITZ
                                      MEMORANDUM OPINION<sup>*</sup>
v.         Record No. 1455-96-1      BY JUDGE JOSEPH E. BAKER
                                           APRIL 15, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Luther C. Edmonds, Judge

            (Eugene W. Shannon, on brief), for appellant.
             Appellant submitting on brief.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Jeanette Lee Kenowitz (appellant) appeals her bench trial

convictions by the Circuit Court of the City of Norfolk (trial

court) for possession of heroin with intent to distribute in

violation of Code § 18.2-248, possession of a firearm while in

possession of heroin with intent to distribute in violation of

Code § 18.2-308.4(B), and conspiracy to distribute heroin in

violation of Code § 18.2-256.  Finding no error, we affirm the

judgment of the trial court.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth granting to it all reasonable

inferences fairly deducible therefrom.  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Viewed

_____

     <sup>*</sup>Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accordingly, the record reveals that appellant lived in a house in Norfolk with Diane Cook (Cook). Pursuant to a tip from a confidential informant that drugs were being sold from the house, Investigator Derrick Young (Young) put the house under surveillance on December 8, 1995 and observed highly suspicious activity. On December 14, 1995, Young purchased cocaine from appellant at the house.

The following day Young returned to the house. Appellant answered the door. Cook[1] was in the house when Young entered. Appellant introduced Young to Cook who had answered the door on Young's previous visit. Appellant told Young that "they didn't have any of her cocaine to sell but they were selling Mrs. Cook's cocaine." Cook displayed the cocaine, and Young again made a purchase and left the premises.

Approximately one hour later, Young returned with a search warrant. He and other police officers found cocaine on a dresser in appellant's bedroom along with currency. In a rear bedroom, the officers found more currency, a box of .45 caliber ammunition, and $347 in food stamps. The officers also found a gun in Cook's possession. When asked about the gun, Cook said that she and appellant alternated personal possession of the gun on a regular basis and that each had held the gun on December 15.

On December 15, 1995, pursuant to her arrest, the police

---

[1]At trial, Diane Cook testified on behalf of the Commonwealth.

searched appellant at the police station. Investigator Marion Pederson found a glassine envelope containing two smaller envelopes of heroin inside appellant's bra. The heroin weighed .03 grams. The record discloses evidence that 1 gram of heroin had an approximate street value of $50 to $100. Appellant said the heroin was for personal use. No heroin was found anywhere else in the house or on any other person.

When asked what she knew about the sale of heroin from the residence, Cook said that appellant told her "[s]he had bought it from someone named Eric . . . ." Cook was asked to "[d]escribe how often cocaine and/or heroin was sold from the residence." She responded by saying that "it was available . . . around the clock." Cook added that both heroin and cocaine were kept in appellant's bedroom, that appellant would go into her bedroom and get the drugs for customers, and that appellant would even accept food stamps in trade for cocaine and heroin.

Appellant told Young that the gun had been given to her by a man after a recent robbery attempt at her house and that she and Cook used it for protection.

## I.  Heroin

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418 (citing Code § 8.01-680).

The judgment of the trial court convicting appellant for possession of heroin with intent to distribute is supported by the record. Appellant admitted to Young that she had sold both cocaine and heroin from her home. Cook verified that both cocaine and heroin were used and sold at appellant's home every day and described how appellant handled the sales. Furthermore, both appellant and Cook knew which drug their customers used and based on the tastes of the people at the house on December 15, Cook knew appellant had sold heroin that day. The record supports the trial court's decision. Accordingly, we affirm appellant's conviction for possession of heroin with intent to distribute.

## II.  Firearm

While on December 15, 1995, the weapon was found on Cook's person, the evidence proved beyond a reasonable doubt that appellant constructively possessed the gun on that date. See Jefferson v. Commonwealth, 14 Va. App. 77, 414 S.E.2d 860 (1992) (constructive possession of either firearm or drug sufficient to sustain conviction). The Commonwealth presented evidence of acts, statements, or conduct of the accused and other facts or circumstances which showed that appellant was aware of both the presence and character of the narcotics and that the gun was subject to her dominion and control. See id. at 80, 414 S.E.2d at 862. Cook expressly stated that both she and appellant handled the gun on December 15. We find that the evidence

- 4 -

sufficiently proves that appellant was aware of both the presence and character of the narcotics and that the narcotics and the gun were subject to her dominion and control. Therefore, we affirm the firearm conviction.

### III. Conspiracy

"A conspiracy is 'an agreement between two or more persons by some concerted action to commit an offense.'" Bowman v. Commonwealth, 11 Va. App. 259, 265, 397 S.E.2d 886, 889 (1990) (quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)). "Proof of an explicit agreement . . . is not required; the agreement may be proved by circumstantial evidence." Brown v. Commonwealth, 10 Va. App. 73, 77, 390 S.E.2d 386, 388 (1990). Appellant admitted that both cocaine and heroin were sold from her home. Cook testified to an "ongoing operation" of the sale of "cocaine and/or heroin." The operation continued "around the clock." Cook detailed how the purchaser would enter and ask if any drugs were available: "[W]e [meaning the defendant and Cook] asked them how much they wanted. And whoever, depending on whoever had it, we would give it to them and they would give us the money." The record clearly discloses that there was an agreement between Cook and appellant to distribute heroin and that, in fact, the conspiracy was carried out.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>