# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Sherman Marshall

September 9, 1997

Case No. CR95D02104

BY JUDGE LYDIA CALVERT TAYLOR

On July 9, 1997, Defendant, Sherman Marshall, entered a plea of no contest to possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine with intent to distribute. He also pleaded no contest to an unrelated charge of distribution of cocaine. This Court heard enough evidence to find defendant guilty of both drug charges. Counsel for Defendant, however, requested at the time of the entry of the pleas that this Court take under advisement finding on the firearm charge. He asserted that the legislative intent of the firearm statute was that it be used only for people who were using firearms to support their drug dealing, rather than simple simultaneous possession of a gun with drugs. For reasons stated in this opinion, *infra*, this Court now denies Defendant's request and finds Defendant guilty of the firearm charge in addition to the drug charges. The Court is ruling by letter opinion because no oral argument was requested, no written authority was submitted by defense counsel, the agreed-upon sentencing date of September 29, 1997, is fast approaching, and both counsel and the probation officer need time to prepare guidelines, evidence, and argument for the sentencing hearing.

Pursuant to Virginia Code § 18.2-308.4, "Any person unlawfully in possession of a controlled substance classified in Schedule I or II of the Drug Control Act of Title 54.1 who simultaneously with knowledge and intent possesses any firearm, shall be guilty of a Class 6 felony." This statute has been interpreted by the Court of Appeals as allowing for constructive possession of a weapon and drugs with no use of the weapon. *See Jefferson v. Commonwealth*, 14 Va. App. 77 (1992). All the Court required was knowing

possession of both a gun and drugs. *Id.* at 81. Thus, if *constructive* possession of either or both of the items is permitted, under *Jefferson* – without proof of any use of the firearms in connection with or to support drug dealings – surely *actual* possession of both items simultaneously fits within the statutory interpretation by the courts.

Counsel for Defendant asserted that the firearm charge had a legislative history which showed an intent opposite from the simple wording of the statute, which merely requires *knowing and unlawful possession* of both items, not possession of either for a particular, limited purpose. This Court is unable to accept the mere assertion of one legislator; legislative history consists of published committee reports and floor debates on bills, among other formal documents, which do not exist in Virginia. Absent these guides, this Court must rely on the wording of the statute itself, absent authoritative judicial pronouncements by the higher courts of the Commonwealth. Here, the clear wording of the statute, as well as the guidance of *Jefferson, supra,* lead to but one conclusion. Accordingly, Defendant will be sentenced on September 29, 1997, on all three charges.