COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Senior Judge Overton
Argued at Chesapeake, Virginia


JOSEPH CORNELL GRAY

                                            MEMORANDUM OPINION[*] BY
v.         Record No. 0374-04-1              JUDGE ROBERT P. FRANK
                                               FEBRUARY 8, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Johnny E. Morrison, Judge

        Gregory K. Matthews for appellant.

        Denise C. Anderson, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Joseph Cornell Gray, appellant, was convicted in a bench trial of possession of a firearm

while in possession of a controlled substance, in violation of Code § 18.2-308.4, and possession

with the intent to distribute heroin, in violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in finding the evidence sufficient to convict of these two felonies.  For the reasons stated,

we affirm the convictions.

                                        ANALYSIS

        "When the sufficiency of the evidence is challenged on appeal, we determine whether the

evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the

reasonable inferences fairly deducible from that evidence support each and every element of the

charged offense."  Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).  "In so doing, we must discard the evidence of the accused in conflict with that of the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder." Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002).

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (*en banc*) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession of illegal drugs of any duration. See Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*).

Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). The principles that govern constructive possession of illegal drugs also apply to constructive possession of a firearm. Blake v. Commonwealth, 15 Va. App. 706, 709, 427 S.E.2d 219, 221 (1993).

Clearly, appellant constructively possessed the firearm. Appellant admitted he had received the 9 mm handgun from his son for his (appellant's) protection. He informed the police where the gun was located. Appellant further admitted he had wrapped the gun in plastic bags and had hidden it inside of a vacuum cleaner so his grandchildren would not find it. By his own words, appellant

was "aware of both the presence and character of the [weapon] and that it was subject to his dominion and control." Blake, 15 Va. App. at 708, 427 S.E.2d at 220.

At oral argument, appellant contended that in order to obtain a conviction pursuant to Code § 18.2-308.4, the Commonwealth must prove: 1) that the accused possessed a controlled substance; 2) that the accused possessed a weapon; and 3) that the weapon must be readily available to be used in furtherance of the drug trade. Essentially, appellant is asking us to expand Code § 18.2-308.4 to include a third element, i.e., a connection between the use of the firearm and the controlled substance. This Court has earlier refused to interpret Code § 18.2-308.4 as prohibiting actual simultaneous possession of drugs and weapons "in order to deter drug warfare." Jefferson v. Commonwealth, 14 Va. App. 77, 78, 414 S.E.2d 860, 861 (1992). In Jefferson, this Court held that actual possession of both the firearm and the controlled substance is not required by the wording of Code § 18.2-308.4. Id. at 80, 414 S.E.2d at 862. "Constructive possession of either or both is sufficient for conviction." Id. The Jefferson Court rejected the suggestion that Code § 18.2-308.4 included a requirement that the weapon be "readily accessible for use or surprise." Id. at 80, 414 S.E.2d at 861. "The Commonwealth need not prove that [appellant] had ready access to either the gun or the [drugs] to establish 'simultaneous possession.'" Id. at 81, 414 S.E.2d at 862.

Appellant does not challenge that he was in possession of heroin, yet he contends the evidence did not prove he possessed the heroin with the intent to distribute. "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt. Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

When the police entered appellant's home pursuant to a search warrant, appellant directed the police to a fireplace. Appellant indicated, "it's right there." On the top of the mantle, police found a clear plastic baggie containing two capsules of heroin. Appellant denied having any other drugs. When asked "who he was selling the heroin to," appellant responded to "a few friends." On cross-examination, the officer testified he never asked appellant the time frame of these sales. At trial, appellant admitted he had sold drugs to friends, but the two capsules found were for his personal use.

Police found a mixer containing a white powdery substance in the kitchen. They found a white powder, characterized as a "cut material" sitting on a white plate in the bedroom. They also found a white plastic spoon on the same plate. No chemical analysis was performed on any of those items.

An expert witness opined that based on the items found throughout the house, and appellant's statement, the drugs were "inconsistent with the personal use of heroin." The expert conceded that the two capsules of heroin themselves were consistent with personal use.

"Possession of a small quantity creates an inference that the drug is for personal use." White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (*en banc*) (citations omitted). However, other circumstances may indicate intent despite the paucity of drugs. See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978) ("[T]he quantity involved is not necessarily indicative of a lack of intent to distribute; indeed, the [fact finder] might well have inferred that the quantity seized was what remained from a larger supply held for distribution.").

Appellant contends the only evidence that appellant had the intent to distribute heroin was his statement that he sold drugs to friends. Appellant argues that there is no evidence that the sales had any temporal relationship to his possession of the two capsules. The record belies this argument. Detective McAndrew asked appellant "who he was selling the heroin to." The detective

used the present tense "selling," denoting a present ongoing enterprise. Present tense is defined, in part, as "the tense of a verb that expresses action or state in the present time and is used of what occurs or is true at the time of the speaking." Webster's Third New International Dictionary 1794 (1993).

From this exchange between the detective and appellant, the trial court could reasonably conclude appellant was presently selling heroin and that the two capsules found were the remainder of appellant's inventory. In reviewing the evidence on appeal, we must regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom. Emerson, 43 Va. App. at 276, 597 S.E.2d at 247.

The fact finder believed the Commonwealth's evidence, and rejected portions of appellant's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence proved that appellant possessed heroin, that appellant admitted selling heroin to his friends, and that the firearm was subject to appellant's dominion and control while he possessed the heroin.

We affirm the judgment of the trial court.

Affirmed.