COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia


BRIAN ALEXANDER JOHNSON
                                          MEMORANDUM OPINION* BY
v.      Record No. 0605-07-1           CHIEF JUDGE WALTER S. FELTON, JR.
                                               FEBRUARY 26, 2008
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              John C. Morrison, Jr., Judge

             J. Barry McCracken for appellant.

             Rosemary V. Bourne, Assistant Attorney General (Robert F.
             McDonnell, Attorney General, on brief), for appellee.


        Brian Alexander Johnson (appellant) appeals his conviction of possession of a firearm while

possessing a Schedule I or II controlled substance with the intent to distribute in violation of Code

§ 18.2-308.4(C).  Appellant contends the statute violates his Fourteenth Amendment right to due

process of law because it is void for vagueness.  For the reasons that follow, we affirm appellant's

conviction.

                                     I.  BACKGROUND

        Because the parties below are conversant with the record in this case, and this opinion

carries no precedential value, we cite only those facts necessary for the disposition on appeal.

        On June 24, 2005, Norfolk Police Officer J.L. Hines stopped a car driven by appellant after

he observed appellant throwing a cup from the car window.  During the stop, Hines observed three

shotgun shells in the front seat of the car and a handgun case in the back seat.  Hines obtained

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's consent to search the interior of the car and discovered a small mechanical scale inside the handgun case. When Hines asked appellant why he had the scale, appellant attempted to start the car and put it in gear. Assisting officers prevented appellant from starting the car and, after a brief struggle, appellant fled the area on foot. While fleeing, appellant discarded a plastic bag, later determined to contain 3.21 grams of cocaine. After a short pursuit, Hines apprehended appellant. When questioned after his arrest, appellant acknowledged he possessed the cocaine with the intent to distribute it. He also told Hines there was a twelve-gauge shotgun in the trunk of the car.[1]

Appellant was charged with possession of cocaine, a Schedule II controlled substance, with intent to distribute in violation of Code § 18.2-248, driving on a suspended operator's license in violation of Code § 46.2-301, and possession of a firearm while possessing cocaine, a Schedule II controlled substance, with intent to distribute in violation of Code § 18.2-308.4(C). Pursuant to a plea agreement, appellant pled guilty to all three charges. He was sentenced to five years incarceration for possessing cocaine with the intent to distribute, all of which was suspended, twelve months incarceration for driving with a suspended license, all of which was also suspended, and an active five-year sentence for possessing a shotgun while also possessing cocaine with intent to distribute. Subsequently, and with new counsel, appellant moved to vacate the original judgment order to permit him to attack the constitutionality of Code § 18.2-308.4(C). The trial court granted the motion, set aside his earlier guilty plea, and vacated the previously entered sentencing order. Appellant then pled guilty to possession of cocaine with intent to distribute and driving with a suspended license, and entered a conditional guilty plea for possession of a firearm while possessing cocaine with intent to distribute. He then moved to

---

[1] Appellant claimed the shotgun was not his but that he was aware that it had been in the car for approximately three days. He admitted the shotgun shells found in the front seat of the car went with the shotgun and that he had handled the shotgun since receiving it.

dismiss the indictment charging him with possession of a firearm while possessing cocaine with the intent to distribute arguing that the statute is void for vagueness as applied to him. The trial court denied appellant's motion to dismiss the indictment, and he was again convicted of all three charges.[2] On February 28, 2007, we granted appellant's motion for a delayed appeal.

## II. ANALYSIS

Appellant contends Code § 18.2-308.4(C) is void for vagueness on its face and as it applies to him. However, the question presented in appellant's petition for appeal and the question granted by this Court is whether the statute is void for vagueness *as applied to appellant*. Because appellant's facial validity argument exceeds the scope of the question granted for review on appeal, appellant is barred from presenting this argument on appeal. See Rule 5A:12(c) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals."); Megel v. Commonwealth, 37 Va. App. 676, 679, 561 S.E.2d 21, 22 (2002) (arguments made in opening brief must relate to questions presented therein). See also, Rule 5A:20. Thus, the relevant question on appeal is whether Code § 18.2-308.4(C) violates the Fourteenth Amendment Due Process Clause because it is void for vagueness as applied to appellant.

The Due Process Clause of the Fourteenth Amendment provides, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

In reviewing the constitutionality of a statute, here Code § 18.2-308.4(C),

> the burden to show the constitutional defect is on the challenger. In reviewing a void-for-vagueness argument, courts employ a two pronged test. First, the language of the statute must provide a person of average intelligence a reasonable opportunity to know what the law expects from him or her. Second, the language must

---

[2]The trial court imposed the same sentences appellant received initially.

- 3 -

> not encourage arbitrary and discriminatory selective enforcement of the statute.

Gray v. Commonwealth, 30 Va. App. 725, 732, 519 S.E.2d 825, 828 (1999) (internal citations omitted). Accord, Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972). See also, Lanzetta v. New Jersey, 306 U.S. 451, 453 (1939) ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids."). "[W]e are required to resolve any reasonable doubt regarding the constitutionality of a statute in favor of its validity." In re Phillips, 265 Va. 81, 85-86, 574 S.E.2d 270, 272 (2003) (citations omitted). However, "[w]e review arguments regarding the constitutionality of a statute *de novo*." Jaynes v. Commonwealth, 48 Va. App. 673, 686, 634 S.E.2d 357, 363 (2006).

Code § 18.2-308.4(C), in pertinent part, provides:

> [i]t shall be unlawful for any person to possess . . . any [] shotgun, rifle, or other firearm . . . while committing . . . the illegal [] sale, distribution, or the possession with the intent to [] sell, or distribute a controlled substance classified of Schedule I or Schedule II in the Drug Control Act . . . .

Here, appellant argues the language of the statute encourages arbitrary and discriminatory selective enforcement because the statute permits convictions of persons who simultaneously have either actual or constructive possession of both firearms and controlled substances, without proving a nexus between the firearm and controlled substance. Stated differently, appellant contends that because the statute does not require the Commonwealth to prove appellant possessed the shotgun with the intent to use it in furtherance of drug distribution, it violates the Due Process Clause of the Fourteenth Amendment. We find appellant's argument that the statute is unconstitutional because it lacks a nexus between the shotgun and the controlled substance to be without merit.

- 4 -

In arguing that the statute is void for vagueness, appellant seeks to interject into the plain language of Code § 18.2-308.4(C) a requirement that the Commonwealth prove he possessed a shotgun with intent to use it in furtherance of the drug offense. Here, we find no evidence that the General Assembly intended to require that the Commonwealth prove such a nexus between the possession of the shotgun and the drug offense.[3] We will not impose on Code § 18.2-308.4(C) a requirement that the Commonwealth establish a nexus between the shotgun and the distribution of a controlled substance where the General Assembly did not include it, and where the plain language of the statute does not require it. See Janvier v. Arminio, 272 Va. 353, 366, 634 S.E.2d 754, 761 (2006); Jackson v. Fidelity and Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) ("Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning."); Bullock v. Commonwealth, 48 Va. App. 359, 369, 631 S.E.2d 334, 339 (2006) ("[W]e are guided by the elementary principle that '[t]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" (quoting Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998))). Nor do we find the omission of such a nexus renders the statute so vague that it "would apply to people who are behaving in innocent ways," or poses an unreasonable risk of arbitrary or discriminatory enforcement against appellant. See Tjan v. Commonwealth, 46 Va. App. 698, 710 n.6, 621 S.E.2d 669, 674 n.6 (2005) ("In a void-for-vagueness challenge, the overriding inquiry is whether the statutory language is so vague that, of necessity, police must use their discretion when determining whether the statute is being violated, thus creating an unacceptable risk of selective

---

[3] For a legislative history of Code § 18.2-308.4, see Taylor v. Commonwealth, 44 Va. App. 179, 182-84, 604 S.E.2d 103, 104-05 (2004). See also, Code § 18.2-308.1 (imposing no requirement that person's possession of firearm on certain property be accompanied by intent to use it on that property).

enforcement."). Because the language of Code § 18.2-308.4(C) does not "authorize[] an officer to determine for himself what is and is not legal[,]" Boyd v. County of Henrico, 42 Va. App. 495, 521, 592 S.E.2d 768, 781 (2004) (*en banc*), we find appellant's arguments to be without merit.

Moreover, the Virginia Supreme Court has noted, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Commonwealth v. Hicks, 267 Va. 573, 581, 596 S.E.2d 74, 78 (2004). In this instance, appellant admitted that he intended to distribute the 3.21 grams of cocaine he discarded when fleeing from the police. Appellant also told police officers that there was an operational twelve-gauge shotgun in the trunk of the vehicle that he had been operating. He acknowledged that he handled the shotgun in the trunk, and admitted he was aware it was in the trunk when he possessed the drugs. Moreover, shells capable of being used in the shotgun were on the front seat next to him when the officer stopped him. Although the shotgun was in the trunk of the car when appellant possessed cocaine on his person, as appellant concedes in his brief, constructive possession of both the firearm and the controlled substance falls within the plain language of the statute. See Code § 18.2-308.4(C); Jefferson v. Commonwealth, 14 Va. App. 77, 78, 414 S.E.2d 860, 861 (1992).[4] By his own words, appellant possessed cocaine with the intent to distribute it, was "aware of both the presence and character of the [shotgun] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). As such, the language of the statute clearly applies to appellant's conduct.

---

[4] A finding of constructive possession requires proof "that [appellant] was aware of the presence and character of the [shotgun] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

III.  CONCLUSION

In applying the void-for-vagueness test set forth in <u>Gray</u>, 30 Va. App. at 732, 519 S.E.2d at 828, we hold that Code § 18.2-308.4(C) "does not encourage arbitrary and discriminatory selective enforcement of the statute."  <u>Id.</u>  We, therefore, find appellant's void-for-vagueness argument to be without merit and affirm the decision of the trial court.

<u>Affirmed.</u>