# Richmond

GEORGE WOOD, JR. v. COMMONWEALTH OF VIRGINIA.

November 27, 1972.

Record No. 8039.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Grover C. Wright, Jr. (Caton & Wright, on brief), for plaintiff in error.*

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

SNEAD, C.J., delivered the opinion of the court.

George Wood, Jr., defendant, was arraigned on an indictment which charged that on February 17, 1971, he "did unlawfully, wilfully and feloniously have in his possession and sell a controlled drug, to-wit: Marijuana, in violation of § 54-524.101 (a) of the Code of Virginia (1950), as amended." The defendant moved to quash the indictment on the ground that the act charged in the indictment was, under Code §§ 54-524.55 and 54-524.106, a misdemeanor and not a felony as charged in the indictment.

The trial court held that since the indictment specifically charged a violation of § 54-524.101(a),[1] a felony, the motion to quash would be overruled. Over defendant's objection, the court amended the indictment to charge that defendant "did unlawfully, wilfully and feloniously distribute or possess with intent to distribute a controlled drug, to-wit: Marijuana, in violation of § 54-524.101(a) of the Code of Virginia (1950), as amended." The amendment employed the precise language of the specified statute.

The trial court heard the case without a jury. After one witness had partially testified, the fact was noted that defendant had not been rearraigned on the amended indictment. The defendant was then rearraigned, over his objection. He pleaded not guilty, and the trial proceeded.

The trial court found defendant guilty as charged in the amended indictment, and after receiving a pre-sentence report sentenced him to confinement in the State Penitentiary for a term of three years. We granted defendant a writ of error.

The evidence, stated in the light most favorable to the Commonwealth, shows that on February 17, 1971, at about 7 p.m., Edward Levitt was arrested in Virginia Beach by Detective Joseph Vitale for a second offense of possession of marijuana (a felony). While being processed at police headquarters, Levitt suggested to Detective

---

[1] The 1972 General Assembly repealed § 54-524.101 and in lieu thereof enacted § 54-524.101:1. The substantive offense remains the same.

Vitale that he could "set up a buy" from a drug pusher. Vitale agreed to assist Levitt in the undertaking.

While at police headquarters, Levitt called George Wood, Jr., the defendant, at his place of employment to arrange for a purchase of marijuana. As a result of three telephone conversations between Levitt and defendant, which Vitale overheard on an extension line at headquarters, arrangements were made for Levitt to pick up defendant that night and secure the drugs.

Detective Vitale obtained $200 in marked currency and delivered it to Levitt at a prearranged place before Levitt met Wood. After picking up Wood, Levitt was directed by him to drive to Chinese Corner in Virginia Beach. There they were met by Michael Ricks. Wood and Levitt entered Ricks' car, drove around awhile and then stopped "in Pembroke—in Kempsville Manor." Ricks opened the trunk of his car and brought Levitt ten "baggies" of marijuana for which Levitt paid, in the presence of Wood, the $200 in marked currency to an unidentified woman companion of Ricks present in his car. Ricks then returned Levitt and Wood to Levitt's vehicle. After he had driven Wood home, Levitt contacted Vitale and delivered the marijuana to him. Wood was arrested the next day.

■ The defendant's principal assignment of error challenges the constitutionality of Code §§ 54-524.55 and 54-524.101(a).

Code § 54-524.55 reads:

"It shall be unlawful for any person to manufacture or produce any drug, or possess, have under his control, sell, prescribe, administer, dispense, compound or otherwise dispose of, any controlled drug except as authorized in this chapter."

Code § 54-524.101(a) provided in part:

"Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally:

"(1) To distribute, or to possess with intent to distribute, a controlled drug."

It is defendant's contention that the language of the original indictment, despite its reference to § 54-524.101(a), actually charged him with possession and sale of a controlled drug under § 54-524.55, which is punishable as a misdemeanor under § 54-524.106. He says

that a conviction, pursuant to the amended indictment charging distribution or possession with intent to distribute a controlled drug, punishable as a felony under § 54-524.101(a), is impermissible because there is an irreconcilable conflict between §§ 54-524.55 and 54-524.101(a) which renders them unconstitutional and void.

The defendant argues that both statutes involved prohibit the same offenses by the same class of persons. We do not agree. Article 5 of the Drug Control Act (Chapter 15.1), within which § 54-524.55 falls, relates to the *Distribution of Drugs Generally* by physicians, pharmacists, wholesalers, and other legal distributors and manufacturers of controlled drugs. The nature of the offense involved concerns the illegal activities of otherwise legal handlers of drugs, characterized by the words "control, sell, prescribe, administer, dispense, compound ... except as authorized" found in the statute. The meaning, therefore, of "any person" under this statute is logically restricted to those persons within the ambit of Article 5.

On the other hand, § 54-524.101(a) was a part of Article 8 of the Drug Control Act, concerned with *Prohibited Acts and Penalties* of those persons not legally entitled to distribute, possess with intent to distribute, or manufacture controlled drugs. Specifically excepted from the provisions of this section were those persons legally authorized under Chapter 15.1 to deal in controlled drugs. We find that the statutes are not in irreconcilable conflict and not unconstitutional upon that ground.

The defendant further attacks the validity of § 54-524.101(a) on the ground that it contained an unconstitutional subsidiary provision allowing a conviction to be based on evidence of quantity alone, thereby tainting the entire section. In *Sharp* v. *Commonwealth*, 213 Va. 269, 192 S.E.2d 217 (1972), we held this provision void for being vague, uncertain and ambiguous. We also held, however, that this provision was severable, and that its invalidity did not affect the substantive offense created by the statute. Our decision in *Sharp*, that the substantive provisions of § 54-524.101(a) were constitutionally valid, controls here.

Defendant's motion to quash the original indictment was properly overruled.

Next, Wood contends that the trial court erred in amending the original indictment and in rearraigning him. We disagree. Amendments to the form of an indictment may properly be made after the defendant pleads so long as the nature of the offense remains un-

changed. Code § 19.1-177. The original indictment specifically charged that defendant violated § 54-524.101(a), and the indictment, as amended, charged a violation of the same Code section by number and in the specific words of the statute. Hence, the nature of the offense remained unchanged, and so we hold that the court did not err in amending the indictment and in rearraigning defendant.

■ The defendant also contends that his conviction was erroneous because he was entrapped into the commission of the offense.

This Court has adopted the definition of entrapment contained in *Sorrells v. United States,* 287 U.S. 435, 454 (1932) (concurring opinion):

> "Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer."

The entrapment doctrine is a rule of fairness which bars a conviction as a result of improper police conduct, contrary to public policy. *Johnson v. Commonwealth,* 211 Va. 815, 817, 180 S.E.2d 661, 662 (1971).

The facts of the instant case show no such improper conduct on the part of police officers. Vitale did not conceive the idea of Levitt's purchasing marijuana from defendant. It was Levitt's suggestion that he make the purchase with no promise of leniency from Vitale for Levitt's participation. Further, the record shows that Levitt had been told by defendant the day before the purchase was made that if he wanted to buy marijuana he could get it through defendant. The acts of Vitale and Levitt did no more than afford an opportunity for defendant to commit a crime. So there was no entrapment in this case.

■ Wood next contends that the evidence was insufficient to sustain the conviction. While it is true that the defendant may never have been in actual possession of the marijuana sold or the marked money involved, he set up the actual sale to the informer Levitt and was present at its consummation. Throughout, Wood acted as an intermediary in concert with the supplier Ricks and the unknown female who received the marked bills. He was in constructive possession of the marijuana and that was sufficient. We find that the evidence supports the conviction for distribution of a controlled drug under § 54-524.101(a).

■ Finally, Wood claims the court erred in admitting certain testimony of Detective Vitale concerning telephone conversations between Levitt and Wood he overheard on an extension line with Levitt's knowledge and consent. The defendant contends the testimony was inadmissible. We find this contention without merit. *See Rathbun* v. *United States*, 355 U.S. 107, 111 (1957).

We find no error in the proceedings of the trial court, and the judgment is

*Affirmed.*