### Richmond

DANIEL LEE ARCHER

V.

COMMONWEALTH OF VIRGINIA

June 17, 1983.

Record No. 820759.

Present: All the Justices.

*J. Hatcher Johnson* for appellant.
*Roger L. Chaffe, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

A jury convicted Daniel Lee Archer of possessing Preludin, a Schedule II drug, with intent to distribute, and fixed his punishment at 25 years in prison and a fine of $25,000. The trial court approved the jury's verdict and sentenced Archer in accordance therewith. The sole issue on appeal is whether the evidence is sufficient to support the conviction.

On March 3, 1981, police officers of the City of Richmond conducted a surveillance of a restaurant from a rooftop across the street. From this vantage point, they observed several similar transactions. In each, the defendant received money from a person near the front door of the restaurant. Archer then beckoned to a co-defendant, Bennie Earl Goode, who handed something to him. The defendant, in turn, delivered something to the person from whom he had received the money.

After Archer and Goode were arrested, one Preludin tablet was found in Goode's pocket. No drugs were found on the defendant; however, $192.95 was taken from him. According to a police officer's testimony, some of the currency was grouped in amounts corresponding to the street price of a Preludin pill.

Goode testified he went to the restaurant to assist Archer in selling the Preludin. He stated that, before he entered the restaurant, Archer gave him five or six pills and told him to keep them until Archer asked for them. Upon receiving payment from a pur-

chaser, Archer motioned to Goode. Goode, in turn, handed a pill to Archer, who delivered it to the purchaser.

We have held that possession of a drug need not be exclusive, but may instead be joint. *Italiano* v. *Commonwealth*, 214 Va. 334, 335-36, 200 S.E.2d 526, 528 (1973); *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). Moreover, possession of a controlled substance may be actual or constructive. Defendant contends, however, that when one person is in actual possession of a drug, another may not have simultaneous constructive possession. We do not agree.

The instant case is similar to *George Wood* v. *Commonwealth*, 213 Va. 363, 192 S.E.2d 762 (1972). In *Wood*, the defendant arranged for a drug sale and acted as an intermediary between the supplier and the purchaser. However, he never had any physical contact with the drugs. We held the evidence was sufficient to show the defendant was in constructive possession of the drugs at the same time the supplier was in actual possession of them. *Id.* at 367, 192 S.E.2d at 765.

In the present case, the defendant acted as an intermediary between the purchaser and Goode, who was holding the Preludin at the defendant's request. It is clear that the defendant knew of the presence and character of the drug and that it was subject to his dominion and control. There is, therefore, ample proof that he was in constructive possession of it. *Lane* v. *Commonwealth*, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*