COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


DEON ANDRE RICHARDSON
                                 MEMORANDUM OPINION[*]
v.         Record No. 0942-95-1   BY JUDGE JOSEPH E. BAKER
                                      APRIL 9, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                   J. Warren Stephens, Judge Designate

            James S. Ellenson for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Deon Andre Richardson (appellant) appeals his bench trial

conviction by the Circuit Court of the City of Newport News

(trial court) for possession of cocaine in violation of Code

§ 18.2-250.  The sole issue presented by this appeal is whether

the evidence is sufficient to support appellant's conviction.

     In passing upon the sufficiency of the evidence, we view the

evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d

711, 713 (1982).  Guided by that principle, the record discloses

that on October 12, 1994, at approximately 11:00 p.m., appellant

was riding as a front-seat passenger in a vehicle which was

stopped for a minor traffic violation by Newport News Police

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Officer Christopher Wells (Wells).  Two additional passengers were seated in the rear seat of the car.

Wells obtained the driver's license and vehicle registration and asked the driver to exit the vehicle.  The driver complied and Wells radioed for assistance.  While talking to the driver outside of the vehicle, Wells noticed a lot of movement by appellant and a rear seat passenger and that appellant looked back at him a couple of times.

Officer Michael Horton (Horton) and another officer arrived in response to Wells' request for assistance.  Horton and the other officer went to the vehicle and asked the passengers to step out.  Horton stated that appellant kept "looking down and around by the seat" and, because of this, he asked appellant "[w]hat are you looking for."  Appellant did not respond.  After appellant exited the car, Horton saw "off-white rocks" along the doorjamb where appellant had been looking.  Additionally, Horton saw an off-white substance "smeared in the seat which would have been between [appellant's] legs where he was sitting," and  "a couple of pebbles . . . between the seat and where [appellant's] legs would have been."  Later, Horton also observed "some white substance crushed into the jeans of [appellant's] pants" which appeared to be the "same color and consistency" of what he had located in the vehicle.

After securing the passengers, Horton returned to the car to collect evidence for forensic analysis.  In doing so, he combined

the "off-white rocks" found along the doorjamb and the "little pebbles" from appellant's seat in one container. Later he collected some of the white substance which was on appellant's pants and kept that separate from the samples taken from the car.

Forensic analysis of the evidence revealed that at least one of the substances in the container holding the off-white rocks from the doorjamb and the little pebbles from appellant's passenger seat tested positive for cocaine. No controlled substance was found in the off-white substance removed from appellant's pants.

Possession of a controlled substance may be actual or constructive. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

Due to the collection techniques utilized in this case, it is unclear what, in fact, tested positive for cocaine; it may have been the off-white rocks from along the doorjamb, the little pebbles from appellant's seat, or both. While at least one of the two substances tested positive, because the two were combined

and tested together we have no way of knowing if both were, in fact, cocaine.  See Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (The Commonwealth must show that evidence was not contaminated in any way that would affect the results of its analysis).  We do know that the substance on appellant's pants did not test positive for cocaine, and that Horton testified that the substance on appellant's pants was similar in appearance to the other substances collected from the car.  A reasonable hypothesis flowing from the evidence is that the little pebbles found resting between appellant's legs and the substance on appellant's pants were, indeed, the same substance.  In fact, the Commonwealth, believing that the substance on appellant's pants had tested positive for cocaine, urged that hypothesis on this Court.

Given our inability to determine which substances tested positive for cocaine, we cannot say that the evidence proves beyond a reasonable doubt that appellant "was aware of both the presence and character of the substance and that it was subject to his dominion and control."  McGee, 4 Va. App. at 322, 357 S.E.2d at 740.  Accordingly, the judgment of the trial court is reversed and the charge against appellant is dismissed.

Reversed and dismissed.