COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Kelsey
Argued at Richmond, Virginia


GEORGE WASHINGTON RUFFIN

MEMORANDUM OPINION[*] BY
v.      Record No. 0081-04-2          CHIEF JUDGE JOHANNA L. FITZPATRICK
MARCH 22, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SUSSEX COUNTY
Samuel E. Campbell, Judge

Connie Louise Edwards (Connie Louise Edwards, P.C., on brief),
for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


George Washington Ruffin (appellant) was indicted for possession with intent to distribute

cocaine in violation of Code § 18.2-248, and convicted in a bench trial of the lesser-included offense

of possession of cocaine in violation of Code § 18.2-250. On appeal, he contends the evidence was

insufficient to convict him. We affirm the trial court.

I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that at approximately 3:00 p.m. on February 28,

2003, Sussex County Deputy Sheriffs Robert E. Williams (Williams) and Greg Russell (Russell)

went to Hicks' Trailer Park in Sussex County to execute a search warrant on appellant's trailer.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

They had been investigating the residence for possible drug use based on information obtained from a confidential informant and from observation. As they approached the entrance to the trailer, they heard appellant, who was inside the trailer, announce to the other people there: "Mo Williams is outside, Mo Williams is outside!" referring to Officer Williams. Williams testified that he recognized appellant's voice because he had known him for over twenty-five years. The police could hear people inside the trailer scurrying from the living room near the entrance, towards the rear end of the trailer.

After they entered the trailer, the officers saw appellant sitting at a card table with two other people. While Russell detained appellant, Williams moved to the rear of the trailer and saw codefendant Tyrone Smith in the hallway. Williams heard a toilet flush in the rear of the trailer, and had to physically remove Smith in order to proceed to the rear of the trailer to continue the search. When he entered the bathroom, Williams saw that the toilet had recently been flushed and was refilling with water. He found a plastic baggie containing crack cocaine in the toilet, small rocks of crack cocaine on the floor, and a plate with cocaine residue on the floor next to the toilet. Williams then entered an adjacent room where he saw codefendant Jacobie Smith lying face down on the bed. Williams found a cutting instrument, packaging material, and some currency on a coffee table nearby, and a smoking device that was burned on both ends in the adjacent hallway.

Appellant, Jacobie Smith, and Tyrone Smith were arrested and charged with possession with intent to distribute cocaine under Code § 18.2-248, and convicted of possession of cocaine in violation of Code 18.2-250.

## II. ANALYSIS

Appellant's sole contention on appeal is that the evidence was insufficient to convict him. He argues that the Commonwealth failed to exclude every reasonable hypothesis of innocence. We disagree.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). We must affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

To convict for possession of cocaine under Code § 18.2-250, the Commonwealth must prove that the defendant had either actual or constructive possession of the contraband. See Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "The accused's proximity to an illicit drug and occupancy of the premises where the drug is found, while not sufficient to establish dominion and control of the substance, are factors that may be considered in deciding

- 3 -

whether an accused possessed the drug. To resolve this issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735-36, 594 S.E.2d 305, 311 (2004) (internal citations omitted). "We have held that possession of a drug need not be exclusive, but instead may be joint." Archer, 225 Va. at 418, 303 S.E.2d at 863.

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "Whether a hypothesis of innocence is reasonable is a question of fact, and a finding by the [fact finder] is binding unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted).

In making its ruling, the trial court stated:

> You have a situation where there was a drug raid on *a small* trailer in the County of Sussex, by a known officer for many years in this county who appears, he hears his name being announced. All of a sudden there's a lot of scuffling going on and you hear the commode inside and the commode is being flushed. There's residue found throughout the bathroom, which is a favorite place to dispose of drugs. And there's noise in the room. That [sic] there's drug activity, bagging and cutting devices and different things, and it all fits in with the situation beyond a reasonable doubt that individuals in that trailer were in there using drugs. Officer Williams, who's well known, is announced. The scuffle starts to

get rid of the evidence.  And the Court finds them guilty beyond a reasonable doubt.[1]

(Emphasis added).

The trial court's conclusion that appellant constructively possessed the cocaine was not plainly wrong or without evidence to support it.  The appellant resided in the trailer where the contraband was found, and was inside the trailer when the officers executed the search warrant.  When the officers arrived to execute the warrant, they heard appellant announce the presence of the police:  "Mo Williams is outside, Mo Williams is outside!"  This was immediately followed by an attempt to destroy the drugs.  The trial court reasonably inferred that this was notice to the others to dispose of the evidence before the officers entered the trailer.  Appellant's warning that the police were approaching, his proximity to the drugs in his residence, the other suspects' attempt to destroy the evidence, the presence of cocaine on the bathroom floor and in the toilet, and the presence of cocaine paraphernalia in the rear bedroom and hallway, all support the trial court's finding that appellant constructively possessed the cocaine.  We therefore hold that sufficient evidence supports the appellant's conviction.

Accordingly, we affirm.

Affirmed.

---

[1] While not made a part of the appendix, the trial court reviewed several photographs depicting the size of the trailer, its contents, and the drugs recovered therefrom.