COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Fitzpatrick, Judge McClanahan and Senior Judge Willis
Argued by teleconference


JUDITH MARIE SCOTT
                                                    MEMORANDUM OPINION* BY
v.       Record No. 0426-05-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                          MARCH 7, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                    Michael C. Allen, Judge

                  Margaret Ann Englisby (Englisby, Englisby, Vaughn & Englisby,
                  on brief), for appellant.

                  Rosemary V. Bourne, Assistant Attorney General (Judith Williams
                  Jagdmann, Attorney General, on brief), for appellee.


        The trial court convicted Judith Marie Scott of possession of cocaine in violation of Code

§ 18.2-250.  She contends the evidence was insufficient to prove she constructively possessed the

cocaine found in her motel room.  For the reasons that follow, we affirm her conviction.

                                      I.  BACKGROUND

        We view the evidence and the reasonable inferences in the light most favorable to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert.

denied, 540 U.S. 972 (2003).  In so doing, "'we discard the evidence of the accused in conflict

with that of the Commonwealth.'"  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (citation omitted).  Officer Jay C. McKenney of the Chesterfield County Police

Department was dispatched to investigate a possible fight in a motel room.  As he approached,

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

McKenney heard yelling and saw Scott attempting to leave a room. A man, later identified as Keith Grant, grabbed Scott around the neck and pulled her back into the room. McKenney entered the room and saw Scott on her back with Grant on top of her. McKenney took Grant into custody and found drug paraphernalia in his possession. At the same time, Scott spoke with another officer on the scene and lied about her name.

The room was registered to Scott and Grant, who had been staying there for at least a day and a half. After obtaining Scott's consent, McKenney searched the room. He found two "glass tube smoking device[s] with charred residue" in a nightstand between two beds. He also recovered a silver spoon containing a white powder residue, later determined to be cocaine, from a toiletry box in the bathroom. The box also contained, among other items, feminine hygiene products and lotion. Scott acknowledged that the items in the box were "her belongings."

At trial, Scott denied that the drugs found in the motel room belonged to her. She testified that Grant and his son also kept toiletry items in the box where the spoon with the cocaine residue was found. Scott initially admitted that she put "things" belonging to her in the box, but later denied doing so. She then stated, "I don't know who did it. . . . I just know it happened." Scott also admitted she was the "only lady" who had spent the night in the motel room since she and Grant had registered.

## II. ANALYSIS

We can reverse a trial court's factual finding only when it is unsupported by credible evidence or plainly wrong. Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004). Thus, the only relevant inquiry is "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). See also Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*).

To convict for possession of cocaine under Code § 18.2-250, the Commonwealth must prove that the defendant had either actual or constructive possession of the contraband. Wilson v. Commonwealth, 46 Va. App. 408, 432, 617 S.E.2d 431, 443 (2005) (*en banc*). Constructive possession can be shown by evidence of "'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (internal quotation marks, brackets, and citations omitted); Kelly, 41 Va. App. at 260, 584 S.E.2d at 449. "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams, 42 Va. App. at 735, 594 S.E.2d at 311. "To be sure, in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

There is credible evidence in this case to support the rationality of the trial court's findings. Among the factors to be considered in determining whether Scott possessed the contraband are her proximity to the illegal drugs and occupancy of the premises where the contraband was found. Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1988); Maye v. Commonwealth, 44 Va. App. 463, 484, 605 S.E.2d 353, 363 (2004); Williams, 42 Va. App. at 735, 594 S.E.2d at 311. The evidence disclosed that the motel room in which the cocaine was found was registered to and occupied by Scott, along with Grant, for at least a day and a half. "[T]he Commonwealth was not required to prove that [Scott] was the only person capable of exercising dominion and control over the [cocaine]. As we have held, a defendant's possession of an illegal substance need not be exclusive." Wilson, 46 Va. App. at 434, 617

S.E.2d at 443 (citations and internal quotation marks omitted). It may instead be joint. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

Beyond Scott's proximity to the cocaine, occupancy of and registration in the motel room where the drug was found, the specific location of the cocaine was in the bathroom in a toiletry box among items belonging to Scott. Drug paraphernalia was also found in the nightstand between the two beds in the room, and Scott admitted to having been "caught" with cocaine in the past, thus confirming her familiarity with the character of the substance.

Moreover, the trial court rejected Scott's attempted explanation as untrue: "I've listened carefully to the testimony and there's conflict on certain points, and I've observed the demeanor and tried to consider the intelligence, the bias, the opportunity for knowing the truth of the witnesses, and I find that Ms. Scott's testimony is uncredible [sic], and I don't believe she's been candid with the Court."[1] The trial judge was therefore entitled to "draw the reasonable inference that [her] explanation was made falsely in an effort to conceal [her] guilt. A false or evasive account is a circumstance . . . that a fact-finder may properly consider as evidence of guilty knowledge." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) (citations omitted); see also Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004) (noting that the fact finder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt"); Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt."); cf. Wright v. West, 505 U.S. 277, 296 (1992) (trier of fact may consider perjured testimony as affirmative evidence of guilt).

---

[1] In addition to lying about her name and giving conflicting testimony regarding the contents in the box in the bathroom, Scott admitted that she was a convicted felon and that she had been convicted of multiple misdemeanor crimes involving moral turpitude.

Viewed in the light most favorable to the Commonwealth, a rational fact finder could conclude that the evidence established that Scott "was aware of both the presence and character" of the cocaine found in her motel room and that the substance was "subject to [her] dominion and control." Williams, 42 Va. App. at 473, 594 S.E.2d at 311 (internal quotations and citations omitted). Accordingly, we affirm her conviction.

Affirmed.