COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


PHILLIP LEVERSA COLEMAN

                                MEMORANDUM OPINION[*] BY

v.      Record No. 2751-04-1        JUDGE JEAN HARRISON CLEMENTS
                                  MARCH 28, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Seth I. Howard, Assistant Appellate Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

Paul C. Galanides, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Phillip Leversa Coleman (appellant) was convicted in a bench trial of possession of cocaine with intent to distribute, in violation of Code § 18.2-248. On appeal, appellant contends the trial court erred in finding the evidence sufficient to prove he knowingly possessed the cocaine found in a car in which he was a passenger. Finding no error, we affirm the trial court's judgment and appellant's conviction.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

Under established principles of appellate review, we view the evidence and the inferences that may be reasonably drawn from the evidence in a light most favorable to the Commonwealth, the party prevailing below.  See Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997).  So viewed, the evidence shows that, while on vehicular patrol at 8:40 a.m. on February 26, 2004, Officer M.J. Caccone of the Portsmouth Police Department observed a car being driven with an illegally defective brake light.  Officer Caccone activated his emergency lights, and the car, a three-door hatchback, pulled to the side of the street.  As Officer Caccone pulled in behind the vehicle and stopped his patrol car, he observed that appellant "was getting out of the vehicle." Officer Caccone immediately "jumped out of [his] car" and ordered appellant back into the passenger seat appellant had vacated.  Appellant complied, leaving the passenger side door ajar.  As Officer Caccone approached the driver's side of the vehicle, he told appellant to close the passenger door.

Officer Caccone explained to the driver of the vehicle, Calvin Faulk, that he had been stopped because of a faulty brake light.  Officer Caccone asked to see Faulk's license and the car's registration, to which Faulk responded that his license was suspended and the car belonged to a mutual friend of his and appellant's named Joanne Bolden.

As Officer Caccone was filling out summonses for the driving with a suspended license and faulty equipment violations, Officer Jason Knorowski arrived on the scene.  After Officer Caccone issued the summonses, Faulk consented to a search of the car.  Because the driver's side door would not open, Faulk and appellant, the car's only occupants, both exited the car through the passenger side door.  While Officer Knorowski focused on appellant, Officer Caccone watched Faulk's egress from the vehicle.  Faulk had nothing in his hands and did nothing unusual as he "crawled across the

passenger bucket seat" on his way out of the car. Officer Knorowski then searched the car while Officer Caccone observed Faulk and appellant.

"[J]ust underneath" the front of the passenger seat, Officer Knorowski found a bag containing what turned out to be ten individually wrapped portions of cocaine totaling 30.828 grams. Faulk and appellant were placed under arrest for possession of cocaine, though the charges against Faulk were later dropped. Officer Knorowski found $483 in appellant's pockets in the following denominations: two fifty-dollar bills, six twenty-dollar bills, twelve ten-dollar bills, nineteen five-dollar bills, and forty-eight one-dollar bills. Appellant informed Officer Knorowski that he was unemployed and homeless. No cash was found on Faulk.

A grand jury subsequently indicted appellant for possession of cocaine with intent to distribute.[1]

At trial, Bolden testified that the car in which the cocaine was found belonged to her. She further testified that she loaned the car to appellant on the morning of February 26, 2004, so he could "pick up something and come back" and that there were no narcotics in her car when appellant and Faulk left to use it that morning.

Faulk testified that he was giving appellant a ride on the morning of February 26, 2004, when they were pulled over by the police for a traffic infraction. He further testified that he was present when the police searched the car and saw the police retrieve something from the passenger side floorboard. He also testified that he and appellant had gotten "into the car together" and he did not see appellant place anything on the floor under the passenger seat of the car.

Testifying as an expert in the use and distribution of narcotics, Officer R.M. Holly estimated that the "street value" of the cocaine found in the car was $3,100. He also opined that the quantity

---

[1] Appellant was also indicted for possession of cocaine with intent to sell within one-thousand feet of a school, but the trial court set aside his conviction on that charge at sentencing.

and packaging of the cocaine were inconsistent with personal use and that the amount and denominations of money found on appellant were consistent with the sale of the drugs found in the car.

Presenting no evidence, appellant moved to strike the evidence as insufficient on the ground that the Commonwealth failed to prove he constructively possessed the cocaine found under the passenger seat. He conceded that the evidence that the cocaine was within his reach just under his seat in the car was sufficient to prove he had dominion and control over the drugs. He argued, however, that there was no evidence that suggested he knew of the cocaine's presence and character.

The trial court denied the motion to strike and found appellant guilty as charged. The trial court entered the sentencing order on November 29, 2004, and this appeal followed.

## II. ANALYSIS

On appeal, appellant contends the Commonwealth failed to prove beyond a reasonable doubt that he constructively possessed the cocaine found beneath the passenger seat in the car. Specifically, he argues, as he did below, that the evidence presented at trial was insufficient to show he was aware of the presence and character of the cocaine.[2] His only proven connection to the cocaine, he maintains, was his mere proximity to it, which is not enough to show he possessed the drug. The cocaine, he asserts, was not in plain view, and he made no statements acknowledging the presence of the cocaine and performed no "act by which awareness . . . of the drugs could be imputed to him." Moreover, he argues, the Commonwealth's evidence, which was merely circumstantial, did not exclude the reasonable hypothesis of innocence that Faulk or someone else

---

[2] Appellant makes several general references in his appellate briefs to the Commonwealth's need to prove the "dominion and control" aspect of possession. However, because he conceded at trial that the Commonwealth's evidence was sufficient to prove the cocaine was subject to his dominion and control, we need not address that aspect of possession here.

placed the cocaine under the passenger seat without his knowledge. Accordingly, he concludes, the trial court erred in denying his motion to strike the Commonwealth's evidence. We disagree.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987). "In so doing, we must . . . regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug . . . ." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "'Possession of a controlled substance may be actual or constructive.'" McGee, 4 Va. App. at 322, 357 S.E.2d at 740 (quoting Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983)). To prove constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances [that] tend to show that the [accused] was aware of both the presence and the character of the substance . . . ." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of

innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

Applying these principles to the present case, we conclude that, viewed in the light most favorable to the Commonwealth, the circumstantial evidence presented at trial was sufficient, as a matter of law, to prove that appellant was aware of the presence and character of the cocaine found by the police in the car. Although not in plain view in Bolden's car, the cocaine was found by the police "just under" the front of the passenger seat in which appellant had been sitting. Appellant and Faulk had borrowed Bolden's car earlier that morning to go "pick up something." Appellant and Faulk had left in the borrowed car together. According to Bolden, there were no narcotics in the car at that time.[3] When the car was stopped by the police shortly after 8:40 a.m., Faulk and appellant were the only ones in the car. After Faulk pulled the car over to the side of the road, appellant—who had $483 on his person, despite being unemployed and homeless—exited the car without explanation, in an apparent attempt to leave the scene. After complying with the police officer's immediate order to get back in the car, appellant attempted to preserve the means for escape by leaving his door open.

From this evidence, combined with the Commonwealth's expert's testimony that the amount and denominations of the money found on appellant were consistent with drug dealing, the trial court could reasonably infer that appellant was aware of both the presence and nature of the

---

[3] Appellant argues that Bolden's testimony concerning the absence of drugs in her car at the time she loaned it to appellant was speculative and lacked a proper evidentiary foundation because there was no evidence that Bolden had searched the car for drugs prior to loaning it to appellant. However, appellant raised no objection to this specific testimony at trial, nor otherwise made this argument before the trial court. Thus, we will not consider the argument on appeal. See Rule 5A:18. Moreover, appellant could have challenged the basis of Bolden's knowledge regarding the absence of drugs in her car on cross-examination but failed to do so.

cocaine under his seat. See, e.g., Clagett v. Commonwealth, 252 Va. 79, 93-94, 472 S.E.2d 263, 271 (1996) (holding that "flight"— "the taking of any action, even of short duration, intended to disguise one's identity and distance oneself from the crime"—by a defendant after the commission of a crime is probative evidence of guilt of that crime);[4] Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) ("Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. . . . [O]ccupancy of the premises on which the contraband was found is likewise a circumstance probative of possession." (citation omitted)); Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994) (holding that the defendant's possession of a large sum of money consistent with the drug trade is a relevant factor in determining that he constructively possessed the drugs found in his hotel room). Indeed, although individually insufficient to support a conviction, the factual circumstances taken as a whole support the determination by the trial court that appellant constructively possessed the contraband. See Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) ("While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))).

Nevertheless, appellant maintains that the Commonwealth failed to exclude every reasonable hypothesis of innocence. He argues that anyone who had access to the car before he and Faulk borrowed it on February 26, 2004, could have left the drugs in it. This argument, however, is not supported by the evidence, in particular Bolden's uncontroverted testimony that there were no

---

[4] Appellant contends Clagett is inapplicable here because his exiting the car and immediately returning to the car when told to do so by the officer did not constitute "flight" because they were not acts intended to "disguise [his] identity." However, the Clagett conception of "flight" is not dependent on the success of the accused's efforts to conceal his or her identity, but merely on the accused's "taking of any action" with the intention to do so. Clearly, had appellant successfully left the scene upon exiting the car, his identity would have been disguised to some degree.

narcotics in the car when appellant and Faulk left to use it on the morning of February 26, 2004. Moreover, it is highly unlikely that a former occupant of the car would have left $3,100 worth of cocaine under the seat. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (en banc) ("[T]he finder of fact may infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion and control."). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . in the [car]." Id. at 10, 421 S.E.2d at 883. Rather, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Appellant also argues that the "circumstances make it just as likely that Faulk . . . knew of the presence and character of the [cocaine] located under the seat." However, unlike appellant, Faulk did not immediately exit the car when he and appellant were stopped by the police and did not possess any cash suggesting his involvement with drug dealing. Additionally, it is well settled that "possession of a drug need not be exclusive, but may instead be joint." Archer, 225 Va. at 418, 303 S.E.2d at 863. "The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). Thus, appellant's conviction was proper even if he and Faulk jointly possessed the cocaine.

We hold, therefore, that the trial court's determination that the evidence was sufficient to prove beyond a reasonable doubt that appellant was aware of the presence and character of the cocaine and was, thus, in constructive possession of it was not plainly wrong or without evidence to support it. Accordingly, we affirm the trial court's judgment and appellant's conviction.

Affirmed.